
FILED
2015 Aug-07 PM 02:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RICKY ALLEN HOPPER, | ) | |
| | ) | |
| Plaintiff; | ) | |
| | ) | |
| vs. | ) | 2:15-cv-00843-LSC |
| | ) | |
| REHAU INCORPORATED, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## Memorandum of Opinion and Order

Before the Court is Defendant Rehau, Inc.'s motion for partial dismissal (Doc. 3.) For the reasons explained below, Defendant's motion is due to be granted.

## I.   Background[1]

Plaintiff Ricky Allen Hopper ("Hopper") brings this action *pro se* based on events that occurred while he was employed at Rehau Incorporated ("Rehau" or "Defendant"). Hopper alleges that Rehau continuously assigned him work outside of his job classification, while a similarly classified female coworker was not also asked

---

[1] In ruling on a motion to dismiss, this Court must accept the plaintiff's well-pled factual allegations as true and construe them in his favor. *See Baloco ex rel. Tapia v. Drummond Co.*, 640 F.3d 1338, 1345 (11th Cir. 2011) (citing *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010)).

to perform such work. He further alleges that this female coworker was afforded extra assistance during her shifts. On August 15, 2014, Hopper asserts that Rehau made him operate an injection-molding machine without having the proper safety clothing. Hopper complained to management about being discriminated against based on his sex, citing: (1) being asked to perform additional work over his female counterpart; and (2) being asked to work in unsafe conditions. Hopper argues this led to his termination.

Hopper filed his complaint on May 5, 2015, alleging claims under 42 U.S.C. § 1981a, 42 U.S.C. § 2000e, and 42 U.S.C. § 1983. (Doc. 1 at 2.) On June 1, 2015, Defendants filed a motion to dismiss Hopper's § 1983 claim, arguing that Hopper failed to plead any facts demonstrating that Rehau was a "state actor" under the statute. Hopper filed a response to Defendant's motion on June 15, 2015. As Defendant's reply brief points out, Hopper's response contains numerous factual assertions not found in the original complaint.

## II. Standard of Review

A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the facts alleged in the complaint must be specific enough that the

claim raised is "plausible." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is *plausible on its face*.") (internal quotations omitted) (emphasis added). "To be plausible on its face, the claim must contain enough facts that 'allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Pouyeh v. Univ. of Ala. Dep't of Ophthamology*, No. CV-12-BE-4198-S, 2014 WL 2740314, at *3 (N.D. Ala. June 16, 2014) (quoting *Iqbal*, 556 U.S. at 678) (alteration in original). Conclusory statements of law may "provide the framework of a complaint," but the plaintiff is required to support them with "factual allegations." *Iqbal*, 556 U.S. at 679.

The process for evaluating the sufficiency of a complaint has two steps. This Court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. Conclusory statements and recitations of a claim's elements are thus disregarded for purposes of determining whether a plaintiff is entitled to access discovery. *See Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010) (citing *Iqbal*, 556 U.S. at 687). Next, this Court "assume[s] [the] veracity" of "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. A complaint's

factual matter need not be detailed, but it "must . . . raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In reviewing the complaint, this Court "draw[s] on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Nonetheless, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the facts alleged] is improbable." *Twombly*, 550 U.S. at 556. This Court considers only "the face of the complaint and attachments thereto" in order to determine whether Plaintiff states a claim for relief. *Starship Enters. of Atlanta, Inc. v. Coweta Cnty., Ga.*, 708 F.3d 1243, 1252 n.13 (11th Cir. 2013). Generally, the complaint should include "enough information regarding the material elements of a cause of action to support recovery under some 'viable legal theory.'" *Am. Fed'n of Labor & Cong. of Indus. Orgs v. City of Miami, Fla.*, 637 F.3d 1178, 1186 (11th Cir. 2011) (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683-84 (11th Cir. 2001)).

## III.  ANALYSIS

Harper's complaint is wholly devoid of facts showing *any* connection between Defendant Rehau and a state government, and this Court may not use allegations found only in Plaintiff's response to cure this defect. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007). However, even considering the assertions

found only in Plaintiff Hopper's response to Defendant's motion to dismiss, Hopper has failed to state a claim under § 1983. Only in rare circumstances can a private party be considered a "state actor" under § 1983. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). Eleventh Circuit has employed three tests to determine whether the actions of a private entity are attributable to the state. These tests include:

> (1) the public function test, which asks whether the private actors were performing functions "traditionally the exclusive prerogative of the state;" (2) the state compulsion test, which applies to situations where the government coerced or significantly encouraged the unconstitutional actions at issue; and (3) the nexus/joint action test, which applies where the state and the private party were joint participants in the common enterprise.

*Brown v. Lewis*, 361 F. App'x 51, 54 (11th Cir. 2010) (quoting and citing *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003)).

Though Hopper's arguments concerning why Rehau is a "state actor" are unclear, he appears to be asserting that (1) Rehau's contracts with federal prisons make it a "state actor" under § 1983; and (2) that unspecified state and federal labor laws "coerced" Rehau into committing unconstitutional discrimination, thus somehow imposing § 1983 liability on Rehau. Simply put, these assertions are insufficient to subject Rehau to § 1983 liability. Past the allegation that these contracts were with a governmental actor, Hopper does not provide any facts concerning the

nature of Rehau's obligations under these contracts. The mere fact that Defendant Rehau had some government contracts—none of which Hopper alleges formed the basis of his own job responsibilities or were otherwise implicated in his termination—is insufficient to establish that Rehau was a "state actor" within the context of this action.[2] Similarly, Hopper's assertion that Rehau's wrongful conduct was the result of unspecified labor laws and regulations is entirely conclusory and speculative, as Hopper fails to even indicate a specific law that "coerced" the allegedly unconstitutional discrimination. Furthermore, the Court questions whether alleging coercion by way of a generally applicable state law is ever sufficient to make a private entity a state actor under § 1983.

Accordingly, Hopper has failed to state a valid claim for relief with respect to his § 1983 claim. While the Court usually grants a plaintiff an opportunity to amend his or her complaint before dismissing any claim, the Court need not give leave to amend where an amendment to the complaint would be futile. Hopper's response to Defendant's motion to dismiss contains facts that would have formed the basis of any amended complaint. For the reasons explained above, these additional allegations still

---

[2] The court further notes that § 1983 imposes liability only against officials acting under color of state law. To the extent that Hopper suggests that Rehau had a contract with any government actor, it is, in his own words, the *federal* prison system and the U.S. Department of Justice. *See Dist. of Columbia v. Carter*, 409 U.S. 418, 424–25 (1973) (asserting that § 1983 does not apply to federal actors acting under color of federal law).

do not establish that Rehau is a "state actor" under § 1983. Accordingly, Hopper's claim under 42 U.S.C. § 1983 is due to be dismissed with prejudice.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's motion for partial dismissal (Doc. 3) is GRANTED. Hopper's claim brought under 42 U.S.C. § 1983 is DISMISSED with prejudice.

Done this 7th day of August 2015.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
177822